Jeri C. **WREATH,** Plaintiff,

v.

**UNITED STATES of America, et al.,** Defendants.

No. 94–4160–SAC.

United States District Court, D. Kansas.

May 11, 1995.

Alan V. Johnson, R. Scott Seifert, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, KS, for plaintiff.

D. Brad Bailey, Office of U.S. Atty., Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

NEWMAN, United States Magistrate Judge.

This matter is before the court on Defendant's Motion to Compel Disclosures Pertaining to Expert Witnesses. (Doc. 43.) Plaintiff has filed a response. The matter is ready for the court's decision.

The defendant United States moves for an order compelling the plaintiff to provide the disclosures required under Fed.R.Civ.P. 26(a)(2) as to expert witnesses. Specifically, defendant requests that plaintiff be required to provide a signed expert's report from her treating physician which complies with the provisions of Fed.R.Civ.P. 26(a)(2)(B). Plaintiff has disclosed that she intends to call her treating physician to testify as an expert witness at the time of trial concerning the nature, extent, and cause of her damages. Plaintiff states that following the events which give rise to this action and prior to obtaining legal advice, she sought treatment from her private physician who has continued to treat her. The defendant argues that the physician, as an expert witness, must prepare and the plaintiff must produce a signed report conforming to the provisions of Fed. R.Civ.P. 26(a)(2)(B). Plaintiff responds arguing that the requirements of Fed.R.Civ.P. 26(a)(2)(B) relate only to a witness who is specially retained to provide expert testimony in the case and does not apply to treating physicians.

Fed.R.Civ.P. 26(a)(2) in relevant part provides:

(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Certain notes of the Advisory Committee on Rules are particularly helpful in understanding the drafter's intent.

Paragraph (2)(B) requires that persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony, must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor.... The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed and called to testify at trial without any requirement for a written report.[1]

Clearly, treating physicians testifying only to the care and treatment afforded to a party were intended to be excluded from the requirements of Fed.R.Civ.P. 26(a)(2)(B). A careful reading of Fed.R.Civ.P. 26(a)(2) also supports this conclusion. Under Rule 26(a)(2)(A), a party is required to disclose the identity of all persons who may be used at trial to present testimony under Fed.R.Evid. 702, 703, and 705. However, under Rule 26(a)(2)(B), only those witnesses "retained or specially employed" to provide expert testimony in the case are required to provide

---

1. Fed.R.Civ.P. 26, Notes of Advisory Committee on Rules, pp. 121–22.

written reports signed by the witness. The data which must be included within the report is also instructive. The report must include information generally required of specially retained expert witnesses such as the compensation to be paid for their study of the case and their testimony, and an identification of other cases in which they have testified. Further, Fed.R.Civ.P. 26(b)(4), related to deposing expert witnesses, distinguishes between experts required to submit reports under Fed.R.Civ.P. 26(a)(2)(B) and other experts. The depositions of any person identified as an expert witness may be taken, but when a report is required under Fed.R.Civ.P. 26(a)(2)(B), the deposition may not be taken until after the report is provided.

Every witness offering testimony under Fed.R.Evid. 702, 703 and 705 is not "retained or specially employed to provide expert testimony". These evidentiary rules simply define witnesses who may offer opinion testimony and the circumstances under which the testimony may be received. A treating physician is not always a specially retained expert witness under Fed.R.Civ.P. 26(a)(2)(B). To the extent that the treating physician testifies only as to the care and treatment of his/her patient, the physician is not to be considered a specially retained expert notwithstanding that the witness may offer opinion testimony under Fed.R.Evid. 702, 703 and 705. However, when the physician's proposed opinion testimony extends beyond the facts made known to him during the course of the care and treatment of the patient and the witness is specially retained to develop specific opinion testimony, he becomes subject to the provisions of Fed.R.Civ.P. 26(a)(2)(B). The determinative issue is the scope of the proposed testimony. For example, a treating physician requested to review medical records of another health care provider in order to render opinion testimony concerning the appropriateness of the care and treatment of that provider would be specially retained notwithstanding that he also happens to be the treating physician.

The facts provided in the defendant's motion are insufficient to enable the court to determine whether this witness will testify as a specially retained expert witness or simply as a treating physician. For that matter, the witness's complete name, his professional degree, the nature of the injuries for which treatment was provided, or the opinion which the witness is expected to proffer are not included within any of the memoranda filed with the court. Consequently, the court has simply set out the rules by which the parties may guide their future conduct in this matter.

Defendant's Motion to Compel (doc. 43) is overruled.

Copies of this order shall be mailed to all counsel of record and unrepresented parties.

IT IS SO ORDERED.