**William Daniel SMITH and Anna Hague, Plaintiffs,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, State Farm Mutual Automobile Insurance Company, and E. Hugh Browning, III, Defendants.**

**Civ. A. No. 1:95–0100.**

United States District Court, S.D. West Virginia.

Sept. 6, 1995.

Arthur Miller, Cambridge, MA, David White, Bluefield, WV, Wade Watson, Blue-field, WV, G. Brumfield, Welch, WV, for plaintiffs.

James Wagstaffe, San Francisco, CA, Laura Gray, Huntington, WV, R. Elkins, Huntington, WV, for defendants.

## MEMORANDUM ORDER

FEINBERG, United States Magistrate Judge.

Defendants State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company ("Defendants" or "State Farm") have filed a Motion to Compel which presents important questions concerning Federal Civil Rule 26(a)(2)(B)'s requirements for disclosure of expert testimony. The parties have provided helpful memoranda, setting forth their positions on the extent of disclosures required. The questions presented are these:

1. May expert witnesses adopt, as part of their respective reports, answers to interrogatories which state the anticipated opinions of experts and the basis for such opinions?

2. Must "unretained" experts provide Rule 26(a)(2)(B) reports?

*Factual Background*

This is a case based on the alleged bad faith of State Farm's adjustment and settlement practices. This case was originally filed in the Circuit Court of McDowell County, West Virginia, in 1994. Approximately one month before trial, on February 9, 1995, it was removed to United States District Court. On April 17, 1995, Plaintiffs made their Rule 26(a) disclosures and listed sixteen "retained" experts and eight "unretained" experts. On May 15, 1995, Plaintiffs served Defendants with Plaintiffs' experts' reports, pursuant to Rule 26(a)(2)(B). Twelve "retained" experts' reports were provided, but none from "unretained" experts. (Def. Motion, at 2.)

On January 17, 1995, Plaintiffs served their Answers to Defendants' First Set of Interrogatories. These Answers are 131 pages in length; the answers to Interrogatory Numbers 54 and 55 extend from page 107 to page 131. The two Interrogatories ask the following:

54. Have you retained an expert witness whom you expect to call to testify at the trial of this matter? If so, please state the expert witness' name, business address and date of retention.

55. If your answer to Interrogatory number 54 is in the affirmative or yes, for each expert witness, please state:

a. the opinion which each expert witness is expected to offer;

b. the expert witness, experience, education and background;

c. the basis of each opinion held by the expert witness; and

d. the facts which support each opinion held by the expert witness.

(Def.Reply, Ex. A at 107–109.)

In their answers to these two Interrogatories, Plaintiffs provided narratives for groups of expert witnesses. The narrative for the expert witnesses who are expected to testify that State Farm used bad faith with respect to these Plaintiffs extends for more than five pages. (Def. Reply, Ex. A at 113–118.) Other narratives are substantially shorter.

When Plaintiffs' expert witnesses' reports were provided to Defendants, many of the reports contained the following language:

I have reviewed the answers of plaintiffs, William Daniel Smith and Anna Hague, to the First Set of Interrogatories of Defendants, State Farm Fire and Casualty and State Farm Mutual Automobile Insurance Company. I agree that the answers stated therein are my opinions concerning the handling of claims against William Daniel Smith and Anna Hague by State Farm, its agents and attorneys, and its claims handling practices in general. The various sub-parts of plaintiffs' Answer to Interrogatory No. 55, and the additional Interrogatory Answers referenced to therein, correctly and adequately set forth my opinions concerning the failures of State Farm Fire and Casualty and State Farm Mutual Automobile Insurance Company to fairly and promptly handle the claims made against insureds, William Smith and Anna Hague, by the insurers. I hereby specifically incorporate herein by reference Answer to the aforesaid Interrogatory No. 55, and the additional Interrogatory Answers therein referenced, as setting forth my opinions concerning State Farm's claims practices.

(Def.Mem., Ex. A.)

The expert witnesses' reports contain a variety of statements concerning the basis for their opinions, and the data and other information considered in forming the opinions. They usually listed the same specific files which were reviewed, and personal experience with State Farm specifically and insurance claims generally. Most of the witnesses stated that they may rely on "any State Farm documents produced by plaintiffs in responding to State Farm's discovery" (J.W. Crowe, Ina M. De Long, Gary T. Fye, Jack A. Lane, James C. Peterson, Stephen D. Prater, Todd A. Travis). These documents filled twelve boxes.

*Content of experts' reports.*

 Defendants contend that Plaintiffs' experts' reports are inadequate because they do not state with specificity the opinions to be expressed by the expert, the basis and reason for the opinions, the data or other information considered in forming the opinions, and the exhibits to be used to support the opinions. (Def.Mem. at 1–5.) They argue that the reports were not prepared and signed by the witnesses, and do not contain the experts' opinions, because they incorporate interrogatory answers written by Plaintiffs' attorneys. (Def.Mem. at 5–6.) Defendants also complain that they cannot determine how the experts reached their opinions, because the experts refer to their review of numerous and voluminous files, without specifying the file or the document relied upon. (Def.Mem. at 6–8.)

In response, Plaintiffs assert that their witnesses have complied with Rule 26(a)(2)(B) as much as Defendants' witnesses have complied with the Rule. Plaintiffs note that the Advisory Committee's Notes specifically authorize attorneys to assist in the preparation of experts' reports. They argue that Defendants' demand for more information requires "unreasonably cumulative or duplicative" effort by Plaintiffs' experts, and that the adoption of interrogatory answers is

equivalent to the expert preparing and signing his report. (Pl.Resp. at 2–7.)

Defendants reply that Plaintiffs' answer to interrogatory number 55 is itself incomplete and generalized; when it is incorporated into experts' reports, defendants contend it is disjointed and generalized, and constitutes a "blanket opinion" written by Plaintiffs' attorneys. Defendants assert that the need to depose all the experts is increased, not decreased, by the "reports" they have received from Plaintiffs. (Def.Reply, at 2–8.)

Rule 26(a)(2), Federal Rules of Civil Procedure, as amended effective December 1, 1993, reads as follows:

**(2) Disclosure of Expert Testimony.**

**(A)** In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

**(B)** Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

**(C)** * * * The parties shall supplement these disclosures when required under subdivision (e)(1).

The United States District Court for the Southern District of West Virginia adopted new Local Rules effective September 1, 1994.

Those new Local Rules set the times and sequence for disclosure of expert witness information, as follows:

**LRCivP 3.01. Control of Discovery.**

(a) * * *

(b) *Disclosures under FRCivP 26(a)(2) regarding experts.* Unless otherwise ordered or stipulated by the parties, the making, sequence, and timing of disclosures under FRCivP 26(a)(2) will be as follows:

(1) the party bearing the burden of proof on an issue shall make the disclosures required by FRCivP 26(a)(A) and (B) for that issue to all other parties or their counsel no later than 60 days prior to the discovery completion date;

(2) the party not bearing the burden of proof on an issue shall make the disclosures required by FRCivP 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than 40 days prior to the discovery completion date; and

(3) all parties shall provide no later than 20 days prior to the discovery completion date the disclosures required by FRCivP 26(a)(2)(A) and (B) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under FRCivP 26(a)(2)(B).

The disclosures described in FRCivP 26(a)(2)(B) shall not be required by physicians and other medical providers who examined or treated a party or party's decedent unless the examination was for the sole purpose of providing expert testimony in the case.

The Court has considered the language of Rule 26(a)(2), the Advisory Committee's Notes on the 1993 amendment to Rule 26, and reported cases. The language of Rule 26(a)(2) requires "a written report prepared and signed by the witness." The written report "shall contain" the following six items:

1. A complete statement of all opinions to be expressed and the basis and reasons therefor;

2. The data or other information considered by the witness in forming the opinions;

3. Any exhibits to be used as a summary of or support for the opinions;

4. The qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;

5. The compensation to be paid for the study and testimony; and

6. A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

The Notes of the Advisory Committee state the purpose for the change in the Rule, and the enforcement of its provisions:

The information disclosed under the former rule in answering interrogatories about the "substance" of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness. Revised Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed. Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports, and indeed, with experts such as automobile mechanics, this assistance may be needed. Nevertheless, the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness.

The report is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions. Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions—whether or not ultimately relied upon by the expert— are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

Revised subdivision (b)(4)(A) authorizes the deposition of expert witnesses. Since depositions of experts required to prepare a written report may be taken only after the report has been served, the length of the deposition of such experts should be reduced, and in many cases the report may eliminate the need for a deposition.

Due to the recency of the amendment to Rule 26, few cases have been reported. The Court has located only two reported cases which address the contents of expert witnesses' reports. In *Sylla–Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277 (8th Cir.1995), the Eighth Circuit recognized the purposes of requiring expert reports: "the elimination of unfair surprise to the opposing party and the conservation of resources." 47 F.3d at 284. In *Nguyen v. IBP, Inc.*, 162 F.R.D. 675 (D.Kan.1995), the court held that "[t]he requirements of the Rule 26(a) are mandatory as to any expert retained to testify. If the expert is unable or unwilling to make the disclosures he should be excluded as a possibility for retention as an expert witness in the case." 162 F.R.D. at 681.

The Court has reviewed the twelve "Reports of Plaintiffs' Retained Experts," submitted by Defendants as Exhibit A to their Motion to Compel. The experts are Forest Jackson Bowman, David Burton, J.W. Crowe, Ina M. De Long, Gary T. Fye, Jack A. Lane, James C. Peterson, Stephen D. Prater, Jerry A. Ramsey, Daniel L. Selby, Todd A. Travis, and William E. Watson.

The Court will address first the reports of Messrs. Bowman, Crowe, De Long, Fye, Lane, Peterson, Prater, Ramsey, Travis, and Watson, all of which (except Mr. Ramsey's report) are entitled, "*Preliminary* Report of *[Name]*." [Emphasis added.] Each report is signed. Defendants are not raising issues concerning the disclosure of the qualifications of these experts, their listing of cases in which they have testified, and the compensation to be paid for their study and testimony.

The Court finds that these ten reports are not in compliance with Rule 26(a)(2)(B). A "preliminary" report is not contemplated by the Rule, which calls for "a complete statement of all opinions to be expressed." These reports are brief; when the incorporation of the answer to interrogatory 55 is omitted, the reports are little more than a page or two in length. Mr. Ramsey's report contains no opinions save those provided by Plaintiffs' attorneys. These reports fulfill none of the

purposes of the Rule as they leave Defendants open to unfair surprise. If Defendants depose each expert to avoid the risk of ambush, no resources are conserved. The reports refer to massive amounts of documents as the basis for the opinions which are expressed in vague terms, with few specific references. No exhibits are provided.

The Court further finds that the report of Daniel L. Selby appears to comply with Rule 26(a)(2)(B), and no serious complaint is raised by Defendants concerning Mr. Selby's report.

The Court further finds that the letter of David Burton dated May 11, 1995, may comply with Rule 26(a)(2)(B), although it is not identified as having been intended as an expert witness' report. The Court is unable to determine whether the letter is Mr. Burton's "complete statement," which includes all of his anticipated testimony. Given that Mr. Burton's testimony is subject to limitation pursuant to the provisions of Rule 37(c)(1), he should supplement his letter to reflect his awareness that the report must contain a "complete statement."

■ The Court is unconvinced by Plaintiffs' argument that the experts' reports should be satisfactory because the report of Defendants' experts, including David G. Shirlaw, were also conclusory. The Court will not excuse non-compliance with Rule 26 by one party for the reason that the other party may not have fully complied. Plaintiffs have had the opportunity to file a motion contesting Defendants' experts' reports and have not done so.

■ The Court is similarly unpersuaded by Plaintiffs' argument that it is acceptable for experts' reports to incorporate interrogatory answers. Interrogatories are answered by the party to whom they are addressed, under oath. An expert witness' report is prepared and signed by the expert witness. As stated in *Nguyen v. IBP, Inc.*, 162 F.R.D. 675 (D.Kan.1995), "[t]he requirements of the Rule 26(a) are mandatory as to any expert retained to testify. If the expert is unable or unwilling to make the disclosures he should be excluded as a possibility for retention as

an expert witness in the case." 162 F.R.D. at 681.

Plaintiffs have suggested that Rule 26(b)(2) permits the incorporation of interrogatory answers in an expert's report, but Plaintiffs quote only one phrase, "cumulative and duplicative," of that Rule. As the Advisory Committee Notes point out, a complete report by an expert witness should eliminate the need for, or greatly shorten, an expert's deposition. When the provisions of Rule 26(a)(2)(B) are honored, cumulative and duplicative discovery should be avoided.

Finally, Plaintiffs argue that the Advisory Committee Notes contemplate attorneys assisting with the preparation of experts' reports. The Notes quoted above make specific reference to experts who may need assistance, "such as automobile mechanics." Plaintiffs' experts are primarily attorneys and claims representatives, who are experienced in writing reports and expressing opinions. The Notes point out that the report "should be written in a manner that reflects the testimony to be given by the witness," and not the closing argument of Plaintiffs' attorney.

For the foregoing reasons, it is hereby ORDERED that Defendants' Motion to Compel is granted as to the eleven "Reports of Plaintiffs' Retained Experts."

*"Unretained" Experts.*

■ Defendants assert that they are entitled to reports from Plaintiffs' "unretained" experts, who are neither fact witnesses nor treating physicians. Defendants cannot believe that these "unretained" experts will testify for Plaintiffs without any compensation. The "unretained" experts, according to Defendants, are:

| | |
|---|---|
| Calvin Thur | Scottsdale, Arizona |
| Todd Hindin | Los Angeles, California |
| William Parsons | Wheeling, West Virginia |
| James C. Plummer | Houston, Texas |
| Larry Bailey | Huntington, West Virginia |
| Diego Carlos Asencio | West Palm Beach, Florida |
| Samantha Bird | Sandy, Utah |
| Ralph Young | Oak Hill, West Virginia |
| Levente Csaplar | Chapel Hill, North Carolina |

(Def.Mem. at 8–9.)

Plaintiffs argue that these witnesses "are not receiving compensation," and therefore are "unretained." They contend that it is

burdensome for an unpaid witness to compile a report, and that the plain words of Rule 26(a)(2)(B) do not require such reports. (Pl. Resp. at 7–11.) Plaintiffs do not assert that these witnesses have factual testimony to offer.

Defendants continue to be skeptical that these nine witnesses are not being paid for their testimony, and assert that these nine witnesses have no factual connection to the underlying automobile accident involving Plaintiffs, and were not involved in handling the claim. One exception noted by Defendants is Ralph Young, the local trial counsel for Michael Pritchard, Jr., who is no longer a party to the litigation concerning the accident. Defendants urge the Court to adopt the holding in *Ager v. Jane C. Stormont Hospital and Training School for Nurses*, 622 F.2d 496 (10th Cir.1980), concerning the factors to be considered in deciding whether an expert witness is "retained." Whether or not the witnesses are being compensated one way or another, Defendants contend that the Court may still require the witnesses to prepare a Rule 26(a)(2)(B) report. (Def.Reply, at 9–14.)

Rule 26(a)(2)(A) requires disclosure of "the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." These Evidence Rules concern testimony by experts (Rule 702), bases of opinion testimony by experts (Rule 703), and disclosure of facts or data underlying expert opinion (Rule 705).

Rule 26(a)(2)(B) requires a written and signed report by "a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony...." Rule 26(b)(4) anticipates that not all expert witnesses will prepare reports, and allows the taking of depositions of non-reporting experts.

The Advisory Committee Notes to Rule 26(a)(2)(B) state:

For convenience, this rule and revised Rule 30 continue to use the term "expert" to refer to those persons who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, techni-

cal, and other specialized matters. The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report. By local rule, order, or written stipulation, the requirement of a written report may be waived for particular experts or imposed upon additional persons who will provide opinions under Rule 702.

The Advisory Committee Notes on Rule 26(b)(4) provide as follows:

[P]aragraph (4)(A) is revised to provide that experts who are expected to be witnesses will be subject to deposition before trial, conforming the norm stated in the rule to the actual practice followed in most courts, in which depositions of experts have become standard. Concerns regarding the expense of such depositions should be mitigated by the fact that the expert's fees for the deposition will ordinarily be borne by the party taking the deposition. The requirement under subdivision (a)(2)(B) of a complete and detailed report of the expected testimony of certain forensic experts may, moreover, eliminate the need for some such depositions or at least reduce the length of the depositions. Accordingly, the deposition of an expert required by subdivision (a)(2)(B) to provide a written report may be taken only after the report has been served.

All witnesses are entitled to be paid the fees and allowances provided by 28 U.S.C. § 1821. These fees and allowances include an attendance fee of $40.00 per day, including the time required for going to and returning from the courthouse, the actual expenses of travel by common carrier or a mileage allowance, toll charges, parking fees, and a subsistence allowance for overnight stays and meals. Rule 45(b) requires that a subpoena be served with payment of the fees for one day's attendance and the mileage allowed by law. Witnesses who receive only the fees and allowances listed in Section 1821 are not

"retained" or "specially employed to provide expert testimony."

Conversely, a witness who agrees to receive consideration which is different than the Section 1821 fees and allowances in return for expert testimony, is "retained" or "specially employed to provide expert testimony." The only exception to the Rule 26(a)(2)(B) requirement that such witnesses prepare and sign written reports is found in the Advisory Committee Notes and Local Rule 3.01, which exempt treating physicians and other medical providers.

One of the purposes of disclosing the compensation of expert witnesses is to enable the trier of fact to consider the benefits to be realized by an expert witness as a result of his testimony in the trial. The terms "retained" and "specially employed" encompass a wide range of compensation agreements not limited to payment of an expert fee at an hourly rate. "In the generally accepted meaning of the term in everyday usage, 'retained' or 'specially employed' ordinarily implies some consideration, a payment or reward of some kind, as consideration for being 'retained' or 'specially employed.' " *Ager v. Jane C. Stormont Hospital and Training School for Nurses*, 622 F.2d 496, 498 (10th Cir.1980).[1] Opposing counsel and the trier of fact are entitled to know what compensation is to be paid the expert for the study and testimony, even if the compensation is not in the form of money to be paid contemporaneously with the civil action.

The Court concludes that a witness who will testify pursuant to Rule 702 of the Federal Rules of Evidence, and who will receive consideration different than the statutory fees and allowances, is an expert witness "retained or specially employed to provide expert testimony."

Plaintiffs have filed a document with the Court which states that "[t]he witnesses listed by plaintiffs who are 'unretained' are not receiving compensation, . . . ." (Pl.Resp. at 8.) The Court reads the terms "retained" and "specially employed" broadly, perhaps more broadly than anticipated by Plaintiffs.

For that reason, Plaintiffs shall be given a period of one week in which to designate those expert witnesses, if any, which may now fall within the broad definition of "retained" and "specially employed." If the expert witness is *not* "retained" or "specially employed", Rule 26(a)(2)(B) does not require such a person to prepare and sign a written report, but does allow Defendants to take that person's deposition. Presumably, the fact that the expert witness is not "retained" or "specially employed" would mean that the witness would not require payment of a fee for time spent in responding to discovery. As always, failure to disclose Rule 26(a) information without substantial justification may subject a party to the sanction of exclusion of that evidence. Rule 37(c)(1), Federal Rules of Civil Procedure.

For the foregoing reasons, it is hereby ORDERED that Defendants' Motion to Compel is denied without prejudice with respect to Defendants' request that Plaintiffs' unretained experts be required to prepare and sign written reports pursuant to Rule 26(a)(2)(B). It is further ORDERED that on or before September 14, 1995, Plaintiffs shall file a document with the Clerk which states whether any of its so-called unretained experts falls within the broad definition of "retained" and "specially employed" adopted by the Court in this Memorandum Order.

The Clerk is requested to mail a copy of this Order to counsel of record by regular mail.

---

1. Because Plaintiffs have listed the nine "unretained" experts as witnesses who are expected to testify at trial, it is not necessary for the Court to address other aspects of the *Ager* case cited by Defendants, which concern non-testifying experts.