William H. BUCHER, Jr., and Claudia R. Bucher, his wife, Plaintiffs,

v.

GAINEY TRANSPORTATION SERVICE OF INDIANA, INC., Gainey Transportation, Inc., Kenneth E. Gaskill and O. Mark Hoffman a/k/a D. Mark Hoffman, a/k/a Mark Hoffman, Defendants.

Civil Action No. 1:95–0629.

United States District Court, M.D. Pennsylvania.

June 24, 1996.

Lee H. Roberts, Jeffrey T. McGuire, Lock Haven, PA, for Plaintiffs.

Timothy J. McMahon, Harrisburg, PA, for Defendants.

### MEMORANDUM

DURKIN, United States Magistrate Judge.

This case is before the court on the defendants' motion to preclude the plaintiffs from presenting expert testimony at trial. (Doc. No. 15).

On or about April 21, 1995, the plaintiff filed a complaint arising out of an April 22, 1993 motor vehicle accident on Interstate 80. The plaintiffs' complaint alleges that defendants, by their individual and joint "negligence, carelessness and recklessness," caused the "serious and permanent injuries" in and about the "head, body and limbs" of the plaintiff, Claudia Bucher. (Doc. No. 1). The defendants' subsequently filed an answer on May 11, 1995 denying plaintiffs' allegations. (Doc. No. 4).

Following the initial pleadings, a joint case management plan was completed by both parties, signed and filed on June 14, 1995. This plan indicated that both parties had consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. No. 6). A case management conference was scheduled for June 21, 1995. (Doc. No. 3).

At the conclusion of the case management conference, an order was filed on June 21, 1995, which was amended and re-filed on June 22, 1995, setting a time table for future proceedings. This order set the plaintiffs' deadline for expert reports at January 30, 1996 and the defendants' on February 28, 1996. Also set was a March 15, 1996 deadline for both parties' supplemental information to their expert reports. The order also slated a final pre-trial conference for June 30, 1996, as well as an October 30, 1996 trial date. (Doc. No. 8).

The plaintiffs, anticipating their inability to submit expert reports on time, filed a motion for leave of court to extend the deadline along with a supporting motion on January 29, 1996. The plaintiffs' indicated that they had scheduled to meet with an orthopedic surgeon on January 10, 1996, however they were unable to keep their appointment due to "the axle on [their] van [breaking] down en route to [the] appointment." Due to this unforeseen problem, the plaintiffs claimed that they would need time to reschedule an appointment and obtain an expert report. (Doc. Nos. 9 and 10).

Attached to the motion for the deadline extension, plaintiffs also filed a certificate of service and a certificate of concurrence indicating that the defendants were served with the plaintiffs' motion and concurred with it. (Doc. No. 9). On February 8, 1996, plaintiffs' motion was granted and an order was issued permitting the plaintiffs until February 29, 1996 and the defendants until March 30, 1996

to provide expert reports to the opposing counsel. (Doc. No. 11).

On March 7, 1996, it was stipulated by both parties that defendant, Gainey Transportation, Inc., would be dismissed from the action with prejudice. (Doc. No. 12). Then, on March 26, 1996, an amended order was filed to reschedule the pre-trial conference from June 30, 1996 at 1:30 P.M. to July 1, 1996 at 1:30 P.M.. (Doc. No. 13). This court also filed an amended order on April 3, 1996, changing the trial date from October 8, 1996 at 10:00 A.M. to October 10, 1996 at 10:00 A.M. (Doc. No. 14).

On April 22, 1996, the defendants filed a motion and supporting brief requesting that the plaintiffs be precluded from using any expert testimony at trial. (Doc. No. 15). The defendants' motion asserts that the plaintiff failed to "comport with the Federal Rules regarding expert reports, especially F.R.C.P. 26," and furthermore failed to adhere to this court's order setting the expert report deadlines. (Id.).

The defendants, in support of their claim, attached to their motion a copy of the plaintiffs' letter sent to the defendants' on February 28, 1996. This letter stated that "Claudia Bucher (plaintiff) [had] elected to use her treating physicians as her expert witnesses." It further indicated that the defendants had "already been provided with copies of her medical records," and that these documents would "serve as plaintiff's expert reports." (Doc. No. 15, Exhibit B). The defendants argue that the plaintiffs are wrong in assuming that the treating physicians' medical records could stand alone to satisfy F.R.C.P. 26. (Doc. No. 15). The defendants' motion further states that, "in a correspondence dated March 19, 1996, the plaintiffs [attempted], via answers to discovery, to list Dr. Wirtz and Dr. Bernardy as expert witnesses, even though reports were not produced from such individuals prior to February 29, 1996." (Doc. No. 15, Exhibit D and Doc. No. 16). The defendants' motion indicates that, "pursuant to correspondence from plaintiffs' counsel, dated March 14, 15 and 18, 1996, plaintiffs attempted to produce a 'report' from Dr. Wirtz, which [was] clearly past the February 29, 1996 deadline," and was "with-

out approval from moving defendants." (Doc. No. 15, Exhibit C and Doc. No. 16). The defendants further claim that they were still receiving required information from the plaintiffs three weeks after the deadline when, "pursuant to an April 8, 1996 letter from plaintiffs' counsel, plaintiffs provided moving defendants with a curriculum vitae of Dr. Bernardy." (Doc. No. 15, Exhibit E and Doc. No. 16). The defendants claim that they have been prejudiced by the plaintiffs' continued failure to adhere to this courts order and the applicable Rules of Civil Procedure and thereby request preclusion of plaintiffs' expert testimony. (Doc. No. 15 and Doc. No. 16). The plaintiffs filed a brief in opposition to the defendant's motion on May 7, 1996. (Doc. No. 18).

In their opposing brief, plaintiffs' argue that they have in fact provided the defendants with expert reports on or before the March 15, 1996 deadline for supplements to the expert reports. However, plaintiffs assert that "even if it were accepted that there [had been] prejudice to the defendants, the remedy [would be] to give the defendants more time to obtain an additional expert or further expert reports and not to preclude the proposed testimony." (Doc. No. 18).

Furthermore, the plaintiffs also argue that "even if the court should rule that [documentation already provided] is not an expert report, they are not required to submit an expert report because they are treating physicians." The plaintiffs contend that the Federal Rules do not require expert reports from treating physicians who are scheduled to testify on the behalf of either party. (Doc. No. 18). Therefore, the plaintiffs request that the defendant's motion to preclude expert testimony be denied.

■ The exclusion of critical evidence is "an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of the court order by the proponent of the evidence." *Meyers v. Pennypack Woods Home Ownership Assn.,* 559 F.2d 894, 905 (3rd Cir.1977) (quoting *Dudley v. South Jersey Metal, Inc.,* 555 F.2d 96, 99 (3rd Cir.1977)). In *Pennypack,* the Court held that when resolving the question

of whether preclusion is appropriate several basic considerations must be balanced:

> (1) The prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of the other cases in the court; and (4) bad faith or willfulness in failing to comply with the court's order.

*Meyers v. Pennypack,* 559 F.2d at 904.

■ Applying the *Pennypack* principles to this case, defendant's motion to preclude plaintiffs' expert testimony will be denied. The record shows that the defendants were made aware of the substance of the experts' opinions and the general basis for those opinions on or before the March 15, 1996 deadline. Likewise, the plaintiffs have since made a good faith effort to adhere to the Federal Rules by submitting any information requested by the defendants after the March 15, 1996 deadline.

The court, in *In re Paoli R.R. Yard PCB Litigation,* held that "[w]here [plaintiffs] named by the deadline, provided most of the substance of his testimony by the deadline, provided the additional substance shortly after the deadline when requested to do so, and had little to gain from the month delay in provision of the additional materials, there is no basis on which to conclude that the plaintiffs deliberately failed to comply with the requirements of the district court order. 'Lack of diligence' does not constitute bad faith." *In re Paoli R.R. Yard PCB Litigation,* 35 F.3d 717, 793 (3rd Cir.1994).

Therefore, the plaintiffs' failure to strictly adhere to F.R.C.P. 26 or the court order does not merit the preclusion of vital expert testimony. Rather, it is better to require that the plaintiffs adhere to the Federal Rules and thereafter extend the defendants' deadline or impose any of the defendants' cost for the delay upon the plaintiffs. In the past, a lesser penalty of this kind has been favored over more extreme sanctions. See *Meyers v. Pennypack* 559 F.2d at 905.

■ With respect to the claim that treating physicians do not need to submit expert reports, the plaintiffs are correct in so far as treating physicians are not required to submit expert reports when testifying on their "opinion as to the cause of an injury based upon their examination, diagnosis and treatment of the patient." *Baker v. Taco Bell Corp.,* 163 F.R.D. 348, 349 (D.Colo.1995). However, the plaintiffs can not avoid the requirements of Rule 26 by simply indicating that their experts are plaintiffs' treating physicians. In order to determine if an expert needs to be identified, Rule 26 focuses not on the status of the witness, but rather on the substance of the testimony. *Patel v. Gayes* 984 F.2d 214, 218 (7th Cir.1993).

The plaintiffs rely on the advisory committee notes to Rule 26(a)(2)(b), in part stating that "[a] treating physician, as an example, can be deposed or called to testify at trial without any requirement for a written report." This note indicates that a physician does not need to submit an expert report if planned testimony was acquired, "not in preparation for trial, but rather because he was an actor or viewer with respect to transactions or occurrences that are a part of the subject matter of the lawsuit." F.R.C.P. 26, advisory committee's notes (1993 Amendment, ¶ 2).

■ The plaintiff is not required to disclose the expert's identity if the testimony given by the expert was obtained while "a viewer or actor with the regard to the disputed question." *Jenkins v. Whittaker Corp.,* 785 F.2d 720, 728 (9th Cir.1986). However, if the plaintiffs' experts are to testify to those things which "[are] not based on their observations during the course of treating [the plaintiff's] illness," then the expert needs to be identified and thereby submit an expert report. *Patel,* 984 F.2d at 218.

■ The plaintiffs' motion in opposition notes "the scope of [the experts] testimony is known and will not be a surprise to the defendant." The plaintiffs imply that the expert testimony will be restricted to the "cause and the extent of the patient's injury." (Doc. No. 18). Therefore, the fact that the expert testimony only involves those things in which the experts have personal knowl-

edge, the plaintiffs are not required to provide the defendants with expert reports and the defendants' motion for preclusion will be denied. *Jenkins,* 785 F.2d at 728.

An appropriate order will issue.