Peggy BROWN, Plaintiff,

v.

BEST FOODS, A DIVISION OF
CPC INTERNATIONAL,
INC., Defendant.

No. CV95–H–2014–S.

United States District Court,
N.D. Alabama,
Southern Division.

Nov. 19, 1996.

Jeffrey W. Bennitt, Robyn G. Bufford, Bennitt & Bufford, LLC, Birmingham, AL, for Peggy Brown.

Peggy Brown, Birmingham, AL, pro se.

Peyton Lacy, Jr., Joseph D. King, Lange Simpson Robinson & Somerville, Birmingham, AL, for defendant.

## ORDER

HANCOCK, Senior District Judge.

This cause came on for consideration at the regularly scheduled motion docket held November 1, 1996 in Birmingham, Alabama. The court has before it defendant's September 18, 1996 motion to strike plaintiff's expert designation and defendant's October 15, 1996 motion to strike plaintiff's request for admissions.

Defendant seeks to strike plaintiff's expert designation of Dr. Frank Rudeseal, one of plaintiff's treating physicians, due to plaintiff's alleged failure to timely provide an adequate written expert report in accordance with the requirements of Rule 26(a)(2)(B). On December 6, 1995, plaintiff listed Dr. Rudeseal in her Local Rule 26.1(a)(1) disclosures to defendant. The original scheduling order required plaintiff to disclose expert witnesses and provide a report pursuant to Fed.R.Civ.P. 26(a)(2)(B) by May 1, 1996. On August 5, 1996 the court extended all deadlines 90 days, but even with the 90 day extension, plaintiff's deadline for filing an expert report would have expired on July 31, 1996, prior to the court's order.

On August 5, 1996 the court allowed plaintiff's original counsel of record to withdraw. Plaintiff's present counsel [1] submitted an expert witness disclosure under Rule 26(a)(2) on September 10, 1996, on Dr. Rudeseal, attaching the medical records relating to his treatment of plaintiff. At the hearing, both parties agreed that the report submitted is not sufficient to meet the requirements of Rule 26(a)(2)(B), if those requirements apply.

"[A] witness ... may be an 'expert' as to some matters and an 'actor' as to others." *Nelco Corp. v. Slater Elec., Inc.,* 80 F.R.D. 411, 414 (E.D.N.Y.1978). "Unlike an ordinary witness ... an expert is permitted wide latitude to offer opinions, including those not based on first-hand knowledge or observation." *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 592, 113 S.Ct. 2786, 2796, 125 L.Ed.2d 469 (1993).

1. On September 16, 1996, Jeffrey W. Bennitt and Robyn G. Bufford entered an appearance on behalf of the plaintiff in this case.

"A doctor is not an 'expert' if his or her testimony is 'based on ... observations during the course of treating'; if testimony was not 'acquired or developed in anticipation of litigation or for trial' and if the testimony is based on personal knowledge." *Richardson v. Consolidated Rail Corp.*, 17 F.3d 213, 218 (7th Cir.1994) (quoting *Patel v. Gayes*, 984 F.2d 214, 218 (7th Cir.1993) (citations omitted)). Physicians who examined and prescribed treatment for a plaintiff "cannot be considered merely as expert witnesses whose examination was limited to obtaining information to be used solely for the purpose of testifying as an expert in the case." *McGuire v. Davis*, 437 F.2d 570, 572 (5th Cir.1971).

The former Fifth Circuit recognized "a well-settled proposition that a physician who has examined an injured party may describe what he has seen and give his expert inference therefrom." *McGuire*, 437 F.2d at 572. Additionally, a treating physician "may testify from personal observation of his patient that [she] is suffering pain." *McGuire*, 437 F.2d at 572.

As a treating physician, Dr. Rudeseal is "a qualified medical expert with a firsthand knowledge of the material facts," which permits him to state his opinions and inferences concerning the existence and cause of a diagnosed medical condition suffered by the plaintiff. *McGuire v. Davis*, 437 F.2d 570, 573 (5th Cir.1971).

> The plain language of this rule [26(a)(2) ] only requires a written report for a witness retained or specially employed to provide expert testimony in the case, or whose duties as a party's employee regularly involve the giving of expert testimony. As explained in the Advisory Committee Notes, this language excludes treating

physicians: 'A treating physician, for example, can be deposed or called to testify at trial, without any requirement for a written report. Fed.R.Civ.P. 26(a)(2), Advisory Committee's Notes, 1993 amendment.' Thus, to the extent that a treating physician testifies only to the care and treatment of the patient, the physician is not considered to be a 'specially employed' expert and is not subject to the written report requirement of Rule 26(a)(2)(B), 'notwithstanding that the witness may offer opinion testimony under [the Federal Rules of Evidence].' *Wreath v. United States*, 161 F.R.D. 448, 450 (D.Kan.1995). *Salas v. United States*, 165 F.R.D. 31 (W.D.N.Y.1995); *see also Harlow v. Eli Lilly and Co.*, 1995 WL 319728 (N.D.Ill. May 25, 1995); *Smith v. State Farm Fire and Cas. Co.*, 164 F.R.D. 49, 54–55 (S.D.W.Va.1995).

"Rule 26(b)(4)[2] anticipates that not all expert witnesses will prepare reports, and allows the taking of depositions of non-reporting experts." *Smith*, 164 F.R.D. at 55. In other words, "[e]very witness offering testimony under Fed.R.Evid. 702, 703 and 705 is not 'retained' or 'specially employed to provide expert testimony," *Wreath v. United States*, 161 F.R.D. 448, 449 (D.Kan.1995), and therefore Rule 26(a)(2)(B) does not require all expert witnesses to prepare and sign a written report, but does allow a defendant to take this person's deposition. *Smith* 164 F.R.D. at 56. "A treating physician is not always a specially retained expert witness under Fed.R.Civ.P. 26(a)(2)(B)." *Wreath*, 161 F.R.D. at 449 (D.Kan.1995).

Some courts have held that treating physicians and other medical providers are always exempt from the Rule 26(a)(2)(B) requirement to prepare and sign reports based on the Advisory Committee Notes.[3] *Smith*

---

2. In 1993, Fed.R.Civ.P. 26(b)(4) was amended to include a reference to the new requirement under subsection (a)(2)(B) that a written report be provided by any party who expects to call an expert witness that has been "retained" or "specially employed." Additionally, the 1993 amendments included an additional obligation under subsection (a)(2)(A) that a party shall disclose any expert witness it expects to call, even absent any formal discovery request.

3. The Eleventh Circuit has determined that pursuant to Fed.R.Civ.P. 54(d)(1), a prevailing party can recover only the statutory limit of $40 per day as fees for its own expert witnesses regardless of the amount actually charged by the expert. *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 462–63 (11th Cir.1996). During the hearing, plaintiff's counsel referred to a professional agreement between the local bar and medical association. The "Interprofessional Relationships: A Guidebook For Members of The

164 F.R.D. at 56; *Bucher v. Gainey Transp. Service of Indiana,* 167 F.R.D. 387, 390 (M.D.Pa.1996).

There is no question that in most cases the testimony of a treating physician is relevant, material and often highly probative:

> The Federal Rules of Evidence are meant to instruct the district courts in the sound exercise of their discretion in making admissibility determinations and should not be interpreted as exclusionary rules. It would be inconsistent and run counter to the Rules' liberal policy of admissibility to allow an outside expert, hired solely for litigation purposes, to rely on and testify about a pathology report, but exclude testimony by the treating physician who ordered the report and relied on it for life-and-death decisions about the patient's treatment. Opinions by physicians who have neither examined nor treated a patient "have less probative force, as a general matter, th[a]n [sic] they would have if they had treated or examined him." ...
> "The rationale for giving greater weight to a treating physician's opinion is that he is employed to cure and has a greater opportunity to know and observe his patient."

*Holbrook v. Lykes Bros. Steamship Co.,* 80 F.3d 777, 782–83 (3d Cir.1996) (other citations omitted).

The approach taken by a majority of courts when determining whether to require treating physicians to provide Rule 26(a)(2)(B) reports is that "the plaintiff[ ] can not avoid the requirements of Rule 26 by simply indicating that [her] experts are plaintiffs' treating physician ... Rule 26 focuses not on the status of the witness, but rather the substance of the testimony." *Bucher v. Gainey Transp. Service of Indiana,* 167 F.R.D. 387, 390 (M.D.Pa.1996) (citing *Patel v. Gayes,* 984 F.2d 214, 218 (7th Cir.1993)).

The note excluding treating physicians from the written report requirement in the comments to the amended Rule 26 "indicates that a physician does not need to submit an expert report if planned testimony was acquired, 'not in preparation for trial, but rather because he was an actor or viewer with respect to transactions or occurrences that are a part of the subject matter of the lawsuit.' F.R.C.P. 26, advisory committee's notes (1993 Amendment, ¶ 2)." *Bucher,* 167 F.R.D. at 390. "To the extent that the treating physician testifies only as to the care and treatment of his/her patient, the physician is not to be considered a specially retained expert notwithstanding that the witness may offer opinion testimony under Fed.R.Evid. 702, 703 and 705." *Wreath v. United States,* 161 F.R.D. 448, 449 (D.Kan.1995).

If a treating physician acquired the opinions that are the subject of the testimony directly through treatment of the plaintiff, the treating physician "cannot be forced to file a written report required by Rule 26(a)(2)(B)." *Salas v. United States,* 165 F.R.D. 31, 33 (W.D.N.Y.1995) For example, courts have routinely held that because "a treating physician considers not just the

---

Jefferson County Medical Society and The Birmingham Bar Association" states that "[t]he physician is entitled to charge a reasonable fee for his time as a witness or a deposition. Reasonable charges by a physician ... vary." This Interprofessional agreement is endorsed by the local professional associations, but has not been adopted by state or federal authorities as a rule of law or procedure. *See Baker v. Taco Bell Corp.,* 163 F.R.D. 348, 351 (D.Col.1995). The court is not inclined to rule that payment to a treating physician of a reasonable fee for the time he or she spends testifying would automatically result in "retaining" or "specially employing" the physician. Although generally any "witness who agrees to receive consideration different from the Section 1821 fees and allowances in return for expert testimony, is 'retained' or 'specially employed to provide expert testimony.' The only exception to the Rule 26(a)(2)(B) requirement that such witnesses prepare and sign reports is found in the Advisory Committee Notes ... which exempt treating physicians and other medical providers." *Smith* 164 F.R.D. at 56; *see also Bucher v. Gainey Transp. Service of Indiana,* 167 F.R.D. 387, 390 (M.D.Pa.1996).

> In the generally accepted meaning of the term in everyday usage, 'retained' or 'specially employed' ordinarily implies some consideration, a payment or reward of some kind, as consideration for being 'retained' or 'specially employed' ... Presumably, the fact that the expert witness is not 'retained' or 'specially employed' would mean that the witness would not require payment of a fee for time spent responding to discovery.

*Smith* 164 F.R.D. at 56 (quoting *Ager v. Jane C. Stormont Hosp. and Training School for Nurses,* 622 F.2d 496, 498 (10th Cir.1980) and Fed.R.Civ. 26).

plaintiff's diagnosis and prognosis, but also the cause of the plaintiff's injuries," opinions as to the cause of injuries do not require a written report if based on their examination or treatment of the patient. *Salas,* 165 F.R.D. at 33; *Baker v. Taco Bell Corp.,* 163 F.R.D. 348 (D.Colo.1995); *Harlow v. Eli Lilly & Co.,* 1995 WL 319728 (N.D.Ill. May 25, 1995).

 "However, when the doctor's opinion extends beyond the facts disclosed during care and treatment of the patient and the doctor is specially retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B)." *Salas v. United States,* 165 F.R.D. at 33; *Wreath v. United States,* 161 F.R.D. 448, 450 (D.Kan. 1995). "For example, a treating physician requested to review medical records of another health care provider in order to render opinion testimony concerning the appropriateness of the care and treatment of the provider would be specifically retained notwithstanding that he also happens to be the treating physician." *Wreath v. United States,* 161 F.R.D. 448, 450 (D.Kan.1995); *see also Patel v. Gayes,* 984 F.2d 214, 218 (7th Cir.1993) (treating physician's opinion on the general medical standard of care in the com-

munity is subject to the Rule 26 requirements of disclosure because it was formulated in preparation for litigation and not based on his observation during the course of treatment).

 Defendant's September 18, 1996 motion to strike is DENIED, but if plaintiff anticipates that Dr. Rudeseal's testimony at trial will approach an area not sufficiently related to information disclosed during the care and treatment of plaintiff, then plaintiff is hereby DIRECTED to provide defendant's counsel with a written report by December 6, 1996, in compliance with Rule 26(a)(2)(B) as to any such opinions.[4]

Defendant's motion to strike plaintiff's request for admissions is DENIED, and the response provided in the motion is deemed to be the response of the defendant to request number 1.

4. Defendant continues to argue that Dr. Rudeseal's testimony should be excluded because the questions outlined for Dr. Rudeseal by plaintiff's counsel embrace questions of law. As the court indicated during the hearing, any exclusion of testimony on a "legal conclusion" basis is premature at this stage and must be presented as objections at trial.