**In re TESS COMMUNICATIONS, INC. a Delaware corporation, EIN 84–1547541, Debtor.**

**Tom H. Connolly, Chapter 7 Trustee, Plaintiff,**

v.

**NEC America, Inc., a New York corporation, Defendant,**

and

**Comerica Bank–California, Intervenor.**

**Bankruptcy No. 01–13712 ABC.**
**Adversary No. 01–1487 ABC.**

United States Bankruptcy Court, D. Colorado.

March 4, 2003.

536

Garry R. Appel, Denver, CO, for debtor.

Douglas C. Pearce, II, Louisville, CO, Jack L. Smith, Risa Lynn Wolf–Smith, Denver, CO, for trustee.

Joanne C. Speirs, Denver, CO, U.S. Trustee.

Douglas M. Tisdale, Steven A. Klenda, Denver, CO, Shari L. Heyen, Houston, TX, for Creditor Committee.

James T. Burghardt, Denver, CO, for The Official Creditors' Committee.

Erin L. Connor, Holland and Hart, Jack L. Smith, Duncan E. Barber, Julie Trent, Denver, CO, Julian W. Mack, Peter G. Bertrand, San Francisco, CA, for plaintiff.

Blair A. Bruce, Edward L. Ripley, Shari L. Heyen, Houston, TX, Douglas M. Tisdale, Marc D. Flink, Paige J. Brock, Denver, CO, for defendant.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE

BRUCE A. CAMPBELL, Bankruptcy Judge.

This matter is before the Court on the Motion in Limine to Exclude "Expert" Testimony ("Motion in Limine") that was filed by the plaintiff trustee and intervenor Comerica Bank–California ("Comerica"). The trustee and Comerica seek to prevent defendant NEC America, Inc. ("NEC") from presenting certain expert testimony at trial. NEC designated Messrs. Salan, Conway, Holley and Helfrich ("Witnesses") as experts. NEC did not file written reports of the information set forth in Fed.R.Civ.P. 26(a)(2)(B).[1]

---

1. Fed.R.Civ.P. 26 is applicable to this adversary proceeding pursuant to Fed. R. Bankr.P. 7026. Rule 26(a)(2)(B) provides:

   (2) Disclosure of Expert Testimony.

   (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the pre-

Movants assert that NEC's failure to comply with the disclosure requirements of Fed.R.Civ.P. 26(a)(2)(B) and the deadlines set forth in the Court's pre-trial order precludes the Witnesses from testifying as experts at the trial. NEC counters that Rule 26(a)(2)(B) is inapplicable to the Witnesses because the portions of their testimony that is both opinion and based on their expertise arises out of their personal knowledge of the facts of this case.

■ The movants essentially argue that all Fed.R.Evid. 702 expert testimony requires a preceding Rule 26(a)(2)(B) report. The Court disagrees. The "report" requirements of Rule 26(a)(2)(B) do not apply to all witnesses designated as experts under Rule 26(a)(2)(A). Rule 26(a)(2)(B) is specifically applicable only to (i) a witness who is retained or specially employed to provide expert testimony in the case; or (ii) to a witness whose duties as an employee of the party regularly involve giving expert testimony. Thus, by omission, Rule 26(a)(2)(B) authorizes certain experts to testify (i.e., and provide Fed.R.Evid. 702 testimony) at trial without their testimony having been preceded by an expert report.

Movants argue that the exception to the report requirement of Rule 26(a)(2)(B) is merely for Fed.R.Evid. 701 lay-witness opinion testimony.[2] This is incorrect. The exception is for *expert* witnesses, and implicitly their Fed.R.Evid. 702 testimony, who are *neither* (i) a witness who is retained or specially employed to provide

expert testimony in the case; or (ii) a witness whose duties as an employee of the party regularly involve giving expert testimony.

In its Response to the Motion in Limine, NEC asserts that the Witnesses do not fall within the categories of experts for which written reports must be provided. NEC notes that none of the Witnesses fall within the category of being "employees whose duties regularly involve giving expert testimony." Further, NEC asserts that none of the Witnesses has been retained or specially employed to provide expert testimony in the case.

■ NEC identifies the key distinction that underlies those types of experts for whom no report is required, i.e., those experts who will give expert testimony but who have not been "retained or specially employed" to give expert testimony. They are the expert witnesses who could also be fact witnesses. The Court finds the cited authorities persuasive to the extent they conclude that the pre-trial report requirement does not apply to fact witnesses who also qualify to give expert opinions that are offered in the limited context of their direct, personal knowledge, as actors or viewers of the facts of the particular case. Thus, a treating physician who could testify as to facts learned in the treatment of her patient may also testify as an expert without a Rule 26(a)(2)(B) expert report. *See Wreath v. United States*, 161 F.R.D. 448, 450 (D.Kan.1995).

ceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

2. No pre-trial disclosure report is required for Fed. R. Evid. 701 testimony. Rule 701 provides:

Opinion Testimony by Lay Witnesses:

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Accordingly, it is hereby:

ORDERED that movants' Motion in Limine is denied in part and granted in part;

FURTHER ORDERED that to the extent the foundation for the Witnesses' expert testimony is both their scientific, technical or other specialized knowledge *and* their personal involvement in the facts of this case as such facts occurred, their Fed. R.Evid. 702 testimony will be allowed;

FURTHER ORDERED that to the extent the foundation of the Witnesses' expert testimony is merely their specialized knowledge, independent of their involvement in the facts of this case, then such testimony is precluded for failure to comply with Rule 26(a)(2)(B).