Kenneth D. CARNEY, et al., Plaintiffs,

v.

KMART CORPORATION, et al., Defendants.

Civ. A. No. 2:96–2111.

United States District Court, S.D. West Virginia, Charleston Division.

Oct. 1, 1997.

David S. Skeen, Charleston, WV, for plaintiffs.

W. Randolph Fife, Denese Venza, Steptoe & Johnson, Charleston, WV, for KMart and Cyrus.

David L. Shuman, Elizabeth S. Lawton, Mark W. Browning, Shuman, Annand and Poe, Charleston, WV, for Can–Am Care Corp.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Defendant Can–Am Care Corporation's ("Can–Am") motion to dismiss or, alternatively, motion for sanctions against Plaintiffs Carney pursuant to *Rule* 37(b) or 37(c) of the *Federal Rules of Civil Procedure*. Plaintiffs filed a responsive memorandum; Can–Am has replied. The issues are ripe for review. For reasons that follow, the Court **DENIES** in part and **GRANTS** in part Can–Am's motion.

### I.  FACTUAL BACKGROUND

Plaintiffs Carney allege Kenneth Carney was injured while using an allegedly faulty blood glucose test strip known and marketed under the name "Relief Plus." The original Defendants were Diagnostic Solutions, Inc. ("DSI"), the alleged manufacturer; KMart, the alleged retailer; Scott Cyrus, a KMart pharmacist; AMG Medical, Inc., an alleged distributor; and Can–Am, the alleged distributor of the product.

In January 1997 pursuant to *Rule* 26(f), the parties suggested a joint discovery schedule that set June 3, 1997 as the deadline for Plaintiffs to disclose their expert witnesses. On February 19 the Court incorporated this deadline into a Scheduling Order, without an objection by Plaintiffs. On April 14 Defendants Can–Am, DSI, and AMG made their initial disclosures. On April 15 the Court dismissed DSI and AMG as defendants.

On June 10, 1997 the Carneys filed a motion for protective order seeking to extend the deadline for disclosing their experts. They grounded it in an argument that they could not disclose their experts until Defendants first produced additional materials. The parties appeared at a hearing on the issue before United States Magistrate Judge Hogg on July 3. Judge Hogg denied the Carneys' motion, noting that because the Carneys did not challenge the adequacy of such disclosures within thirty days of filing, the Carneys waived their right to challenge its sufficiency. Judge Hogg then mandated July 25 as the deadline for the Carneys' disclosure.

On July 23 the Carneys filed a disclosure of experts listing Kenneth Carney's treating physicians. On the same day, they also filed a motion to enlarge time for disclosure of experts. On August 12 Judge Hogg denied the motion and awarded Defendants their costs in responding to the motion.

On August 26 the Carneys formally objected to Judge Hogg's August 12 order. On September 2 this Court affirmed generally Judge Hogg's August 12 order, but suspended the Carneys' obligation to reimburse Defendants their costs.

## II. DISCUSSION

### A. *Motion to Dismiss*

■ Can–Am alleges that under *Rule* 37(b), the Court should dismiss the case for the Carneys' failure to comply with the parties' discovery plan, the Court's Scheduling Order or Judge Hogg's July 15 order. *Rule* 37(b)(2) states:

> If a party or an officer, director, or managing agent of a party ... fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just....

The rule lists several possible sanctions including prohibiting the offending party from introducing evidence on the designated claim, striking out designated claims from the pleadings; and dismissing the action or parts thereof. Fed.R.Civ.P. 37(b)(2)(B)–(C). The imposition of sanctions under *Rule* 37(b) is wholly within the trial court's discretion, but " '[i]t is not ... a discretion without bounds or limits.' " *Hathcock v. Navistar Internat'l Trans. Corp.*, 53 F.3d 36, 40 (4th Cir.1995)(quoting *Wilson v. Volkswagen of Am.*, 561 F.2d 494, 503 (4th Cir.1977), *cert. denied*, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768, (1978)). When a court considers dismissal as the sanction, the "range of discretion is more narrow" than for less severe sanctions, *id.*, and a court must consider the following factors:

> "(1) whether the noncomplying party acted in bad faith; (2) the amount of preju-

dice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions."

*Daye v. General Motors Corp.*, 172 F.R.D. 173, 176–77 (M.D.N.C.1997) (quoting *Mut. Fed. Sav. & Loan v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir.1989)). Because the Court believes less severe sanctions are effective to punish the Carneys and will deter such behavior in the future, the Court **DENIES** Can–Am's motion to dismiss.

### B. *Motion for Sanctions*

■ Can–Am asks the Court to place sanctions on the Carneys under *Rule* 37(b) or 37(c). The Court finds *Rule* 37(c)(1) controls the situation. That rule states:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.

This newly amended section is a "self-executing sanction for failure to make a disclosure required by Rule 26(a)," and is designed to provide a "strong inducement for disclosure." Fed.R.Civ.P. 37 (Advisory Committee Notes).

The Court is aware of authority that follows an analysis of *Rule* 37(c)(1) different from the one above, but such authority is non-binding. Accordingly, the Court will apply the rule as written.

Here, the Carneys have not demonstrated their failure to disclose was harmless. The

Carneys argue Can–Am must have had notice of the danger the strips presented because the Food and Drug Administration had been notified of personal injuries from the use of the strips by the consumer. They argue, therefore, Can–Am knew it would need expert witnesses to defend suits concerning the strips. This argument fails to address the matter at hand: whether Can–Am was prejudiced by the Carneys' failure to disclose their own expected expert witnesses. Indeed, as Can–Am notes, the failure to disclose was prejudicial because it interfered with Defendants' ability to select experts to counter the Plaintiffs' experts' testimony.

■ Moreover, the Carneys cannot show "substantial justification" for their failure to disclose experts. The Carneys have argued all along that their failure to disclose results from Defendants' failure to give full Rule 26(a)(1) disclosures. *See* Pl.'s Resp. at 2, 4. However, controlling law in this district states "[t]he Court will not excuse non-compliance with *Rule* 26 by one party for the reason that the other party may not have fully complied. Plaintiffs have had the opportunity to file a motion contesting Defendants' experts' reports" and failed to do so within the appropriate time frame. *Smith v. State Farm Fire & Cas. Ins. Co.*, 164 F.R.D. 49, 54 (S.D.W.Va.1995).

Additionally, the Court has considered all of the Carneys' contentions. However, they are not meritorious defenses to the self-executing sanction of *Rule* 37(c)(1).

The Court holds the Carneys will not be permitted to introduce any expert witnesses not already disclosed to the Court and to Defendants.[1] Accordingly, the Court **GRANTS** Can–Am's motion for sanctions under *Rule* 37(c)(1).

### III. CONCLUSION

Based upon the foregoing, the Court **DENIES** Can–Am's motion to dismiss and **GRANTS** Can–Am's motion for sanctions un-

der *Rule* 37(c)(1), *Federal Rules of Civil Procedure*.

The Clerk is directed to send a copy of this Memorandum Order and Opinion to counsel of record.

---

1. The Advisory Committee Notes state a court may craft less severe sanctions in certain situations, such as where the nondisclosure was inadvertent and known by all parties as such, or where a pro se litigant is unaware of the need for such disclosures. Fed.R.Civ.P. 37 (Advisory Committee Notes). That is not the case here.