Luther L. KEENER and Cleta
Keener, Plaintiffs,

v.

The UNITED STATES of
America, Defendant.

No. CV 97–065–GF–DWM.

United States District Court,
D. Montana,
Great Falls Division.

Sept. 9, 1998.

Michael G. Barer, Barer Law Office, Great Falls, MT, Dennis P. Conner, Conner Law Office, Great Falls, MT, plaintiffs.

George F. Darragh, Jr., Office of the U.S. Attorney, Great Falls, MT, Janet Reno, Washington, DC, defendant.

ORDER

MOLLOY, District Judge.

## I. INTRODUCTION

Pending before the court is the defendant's motion for leave to file supplemental expert disclosure. The defendant timely filed an initial expert disclosure statement of Dr. Patrick Lyden. Dr. Lyden's initial disclosure, dated May 7, 1998 is a summary of his general opinions. His opinions are based on medical records that the plaintiff provided, clinic notes and hospital records from 1991 to 1997.

Dr. Lyden's second disclosure, dated July 26, 1998, contains Dr. Lyden's opinions as to the plaintiff's medical condition after Dr. Lyden reviewed the opinions of three of the plaintiffs' experts, and the opinions of the plaintiff's therapists.

The plaintiff objects to the supplementation, claiming that Dr. Lyden failed to timely disclose his testimony in other cases in the last four years; and also that the substance of the second disclosure is not properly characterized as supplemental disclosure, and should have been included in the initial disclosure. On August 13, 1998, in response to

the plaintiff's objection to Dr. Lyden's testimony based on failure to disclose prior testimony, the defendant submitted a supplement to the supplemental expert disclosure in which Dr. Lyden's testimony in prior cases is outlined.

Simultaneous disclosure of liability experts and disclosure of plaintiff's damages experts was due on May 20, 1998.

## II. DISCUSSION

The defendant's initial disclosure failed to satisfy the requirements of Rule 26(a)(2)(B) in two respects: Dr. Lyden did not list the cases in which he has testified in the last four years; and the disclosure does not comply with the requirements of Rule 26(a)(2)(B), imposed on the parties in this case in the court's scheduling order, that an expert witness disclosure "... contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; ..."

Although the defendant missed the disclosure deadline by three months with regard to providing other cases in which Dr. Lyden has testified, standing alone this would not be sufficient to prevent Dr. Lyden from testifying. This is so because the history of his prior testimony is available to the plaintiff in sufficient time to allow preparation for meaningful cross-examination perhaps using his prior testimony as a basis for impeachment.

### A. Supplementation vs. Rebuttal

However, the defendant's failure to comply with Rule 26 in the initial disclosure is another matter. The defendant attempts to bring the second disclosure within the parameters of Rule 26 by styling it as a "supplement" to the disclosure that was submitted on May 7, 1998. This disingenuous effort does not comply with the intent of Rule 26 or of this court's scheduling order.

Supplemental opinions are required under Rule 26(e)(1) in only three situations: 1) upon court order; 2) when the party learns that the earlier information is inaccurate or incomplete; or 3) when answers to discovery requests are inaccurate or incomplete. The defendant argues the second report is supplementation of the initial disclosure by contending that the supplemental report "merely expands the opinions which Dr. Lyden will offer." Unless the defendant is conceding that the disclosure made on May 7, 1998 is inaccurate or incomplete, then the second disclosure is not a proper supplemental disclosure as allowed under Rule 26(e)(1). What is set forth in the second report is the information, reasoning and opinions that Rule 26 requires be disclosed in the critical initial disclosure.

### B. Rebuttal vs. Supplementation

If the information in the second disclosure was supposed to be "rebuttal evidence," to comply with the Rules it had to be submitted within the bounds of Rule 26. Evidence is "rebuttal" evidence if it is "intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party." Rule 26(a)(2)(C).

The opinions contained in the letter dated July 26, 1998 are different from, rather than supplemental to, the information contained in the May 7, 1998 disclosure. Supplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure.

In Dr. Lyden's initial disclosure there are four sentences from which the plaintiff may glean the substance of Dr. Lyden's opinions. These sentences indicate that Dr. Lyden believes that "the transient worsening [the plaintiff] suffered on July 27 was probably related to a vasovagal event that occurred during the phlebotomy" for which four brief reasons are given. Dr. Lyden then states that "[I]t is quite doubtful that the normal INR (i.e. absent anticoagulation) had anything to do with the episode. Comparing the evaluations done serially over time, and comparing the patients evaluations on later admissions (7/96) it appears that this deficit was static following the stroke in April of 1995."

In contrast, the disclosure dated July 26, 1998 sets out extensive responses to each of the expert opinions that the plaintiff disclosed. Dr. Lyden tracks the plaintiff's medical history, drawing specific conclusions as to documented personality changes and to the plaintiff's ability to respond to commands and change of speech patterns. Dr. Lyden disputes the claim that "the event of July, 1995 was precipitated by the cessation of the patient's anticoagulant therapy." Precise reasons are given for the basis of this dispute. Dr. Lyden reviewed the plaintiff's brain images for the second disclosure and drew sophisticated conclusions as to the occlusion of the plaintiff's right internal carotid artery based on the scanning techniques that were used and the lesions and atrophy that were present in the brain images. He did none of these things in making his original disclosure. His failure was one of omission: the information was there to review. He didn't review it in detail before expressing his opinion.[1]

Dr. Lyden sums up his disclosure by stating. that "I find absolutely no data in this sequence of brain images to suggest that the internal carotid artery occluded in July of 1995. All we know is that sometime between the carotid ultrasound of December, 1994 and October 1997 this artery occluded."

The difference between the two disclosures is dramatic. The second disclosure provides opinions that go to the heart of the case. The first is tantamount to a non-opinion. The initial disclosure does no more than provide a singular view that Dr. Lyden does not know when the patient's left internal carotid artery occluded. To countenance a dramatic, pointed variation of an expert's disclosure under the guise of Rule 26(e)(1) supplementation would be to invite the proverbial fox into the henhouse. The experienced expert could simply "lie in wait" so as to express his genuine opinions only after plaintiff discloses

hers. While a variation of this practice is contemplated by the Rules, true rebuttal must occur within 30 days of the original expert disclosure. Otherwise, it fails as admissible proof because the late disclosure of rebuttal opinions is disallowed under the Rules. See Rule 26(a)(2)(C).

## C. The Use of Late Disclosed Opinions

A party "that without substantial justification fails to disclose information required by Rule 26(a) shall not, unless such failure is harmless, be permitted to use as evidence at a trial any information not so disclosed." Federal Rule of Civil Procedure 37(c)(1). If full compliance with Rule 26(a) and 26(e)(1) is not made, Rule 37(c)(1) mandates some sanction, the degree and severity of which are within the discretion of the trial judge.

■ This circuit has previously considered the issue of expert preclusion as one possible remedy for failure to comply with Rule 26. In *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir.1990), the Ninth Circuit set out the test to determine the propriety of imposing the sanction of dismissal or default as a remedy for Rule 26 violations. The test requires a court to analyze 1) the public's interest in expeditious resolution of litigation; 2) a court's need to manage its docket; 3) risk of prejudice to the defendants; 4) public policy favoring disposition of cases on their merits; and 5) the availability of less drastic sanctions. In *Wendt v. Host Intern., Inc.*, 125 F.3d 806, 814 (9th Cir.1997), this test was extended to apply to a situation where exclusion of testimony had been imposed as a sanction for a violation of Rule 26.[2]

## D. Timeliness

■ Regardless of whether the defendant's disclosure of Dr. Lyden's testimony dated July 26, 1998 is deemed to be rebuttal or supplemental evidence, it is untimely. If the second disclosure is deemed rebuttal evi-

---

**1.** Given Dr. Lyden's prominent academic position, there is an interesting contrast between the stationery the first disclosure is printed on, and the very formal stationery of the second.

**2.** In *Wendt*, the district court issued an order precluding the defendant's expert from testifying for failure to comply with Rule 26 disclosure

requirements. However, the procedural status of the case changed due to an appeal and change of counsel, and on remand the initial preclusion order should not have been imposed against the defendant, because the remand of the case allowed the parties "to begin the expert disclosure procedure anew." *Wendt* at 814.

dence, the disclosure dated July 26, 1998 was not timely. The deadline for plaintiff's disclosure of experts was May 20, 1998; both the defendant and the plaintiff filed their expert disclosures on May 20, 1998. Any rebuttal evidence needed to be filed by June 20, 1998. See Rule 26(a)(2)(C) ("If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under (2)(B) within 30 days after the disclosure made by the other party.")

If the disclosure made on July 26, 1998 is supplemental evidence, then, of necessity, the defendant must concede the first disclosure did not comply with Rule 26 or with the scheduling order in this case. The nature of the second disclosure is so substantially different from the first that it falls far outside any reasonable notion of correcting an incomplete or inaccurate expert report. Under either characterization, the disclosure Dr. Lyden made on July 26, 1998 does not comply with Rule 26.

### E. The Determination in This Case

■ Applying the five factors of *Wanderer v. Johnston*, 910 F.2d at 656 to the facts of this case, Dr. Lyden's testimony at trial shall be limited to the opinions expressed in the initial disclosure, dated May 7, 1998. The public and the parties have an interest in expeditious resolution of litigation. Requiring the parties to comply with the Rules of Civil Procedure and with the court's scheduling order promotes achieving such goals by eliminating the need for continuances. Setting forth deadlines allows a court to manage its docket; defendant did not request an extension within which expert disclosure could be submitted. There is no indication that the parties stipulated to an extension of time to file expert disclosures.

Public policy favors disposition of cases on their merits, but that policy has a procedural as well as a substantive component. To that end Dr. Lyden will be allowed to present his opinions as they were disclosed on May 7, 1998. Complete exclusion of Dr. Lyden's testimony is not warranted, and therefore the less drastic sanction of limiting Dr. Lyden's testimony to that which was initially disclosed is appropriate. Dr. Lyden will not be allowed to testify as a "rebuttal" expert, or to express an opinion about the validity of another witness' opinion.

### III. CONCLUSION

The defendant's disclosure of substantive evidence about its medical position in this case was provided two months after the deadline imposed by the scheduling order for this case. The disclosure of Dr. Lyden's prior testimony was three months after the scheduling order deadline. These two procedural errors cannot be overlooked if the pretrial order, or if the Federal Rules of Procedure, are to have any significant meaning.

THEREFORE IT IS ORDERED THAT:

The defendant's disclosure of expert testimony dated May 7, 1998 shall set the operative limit of expert evidence that the defendant may present at trial. Dr. Lyden's testimony shall be limited to those opinions that are disclosed in the letter dated May 7, 1998. Plaintiff will be allowed to explore, under oath, why Dr. Lyden said he was "unable" to provide a list of cases in which he had testified, and yet was able to produce a list at a later date.

Dr. Lyden's supplemental disclosure shall be made a part of the record so as to preserve any legal issues the United States may want to preserve but it cannot be referred to at the time of trial.

The clerk of court is directed to notify all parties of the making of this order.