**Jeff HUDGINS and Julie Hudgins, Plaintiff,**

v.

**VERMEER MANUFACTURING COMPANY, Defendant.**

**No. 06–CIV–291–RAW.**

United States District Court, E.D. Oklahoma.

Feb. 27, 2007.

Thomas M. Bramhall, Bramhall Law Firm, Brent Sterling, Sterling Law Firm, Fayetteville, AR, Chris W. Blankenship, Blankenship Law Offices, Stigler, OK, for Plaintiff.

Robert H. Alexander, Jr., John J. Love Robert H. Alexander Jr. PC, Oklahoma City, OK, George W. Soule, Bowman and Brooke, Minneapolis, MN, for Defendant.

## ORDER

WHITE, District Judge.

Before the Court is Defendant's Motion to Strike Plaintiffs' Life Care Plan Expert and Damages Evidence [Docket No. 39]. This case was originally filed on July 25, 2006 regarding injuries sustained by the Plaintiff while using a hay baler manufactured by Defendant.

Defendant alleges that Plaintiffs failed to timely disclose an expert witness, Tanya Owen, and that the late disclosure of Owen's expert report was not harmless or justified. Plaintiffs claim that the Defendant has not been prejudiced or surprised by the late disclosure and that any error was harmless.

### *Facts*

The following is a list of relevant dates and deadlines in this matter, obtained by a review of the court file and/or the Scheduling Order entered in this matter on October 20, 2006 [Docket No. 23]:

| | |
|---|---|
| 10/18/2006 | Date agreed to by the parties as the deadline for expert disclosures |
| 10/18/2006 | Plaintiffs' expert report by Thomas Berry submitted to Defendant |
| 10/30/2006 | Plaintiffs' Supplemental Rule 26 Disclosures filed, indicating $748,000.00 in damages for future medical costs |
| 12/05/2006 | Deadline for witness and exhibit lists |
| 12/05/2006 | Deadline to submit expert report pursuant to Rule 26 (90 days prior to scheduled trial date) |
| 12/07/2006 | Plaintiffs' witness and exhibit lists filed, indicating "Lifecare planner; not yet selected." |
| 01/19/2007 | Discovery cutoff |
| 01/26/2007 | Deadline for motions in limine and Daubert issues to be filed |
| 01/26/2007 | Plaintiffs' expert Tanya Owen's "tentative" draft expert report submitted to Defendant indicating $1,249,067.86 in damages for future medical costs |
| 02/08/2007 | Plaintiffs' expert Owen's final expert report submitted to Defendant indi- |

cating $1,672,336.37 in damages for future medical costs

02/15/2007 Pretrial Conference

3/05/2007 Trial date

Federal Rule of Civil Procedure 26(a)(2)(C) provides that "in the absence of other directions from the court or stipulation by the parties," expert disclosures shall be made at least 90 days before the trial date. Plaintiffs do not dispute the parties agreed to submit expert reports on October 18, 2006, and Plaintiffs, indeed, submitted their expert report by Thomas Berry on that date.

The current dispute developed, however, with the expert report of Tanya Owen. Defendant first learned of the possibility of another expert in this matter when Plaintiffs submitted their witness and exhibit lists on December 7, 2006. In that witness list, Plaintiffs stated "Lifecare planner; not yet selected." Indeed, Plaintiffs state that Owen was not even retained until January 2, 2007. Over one month after filing the witness and exhibit list, Owen's "tentative" draft report was submitted to Defendant on January 26, 2007; the final report was not submitted until two months after the witness and exhibit list was filed, on February 8, 2007. The final report was submitted to Defendant less than one month from the scheduled trial date.

### Discussion

### 1. *Woodworker's* Factors

█ Rule 37 of the Federal Rules of Civil Procedure provides as follows:

A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Federal Rules of Civil Procedure Rule 37(c)(1). The Court has broad discretion to determine whether a Rule 26 violation is justified or harmless. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999). *Woodworker's* also provides four factors that a court should consider in making its determination:

(1) the prejudice or surprise to the party against whom the testimony is offered;

(2) the ability of the party to cure the prejudice;

(3) the extent to which introducing such testimony would disrupt the trial; and

(4) the moving party's bad faith or willfulness.

*Id.*, at 993. Further, a "district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." quoting *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir.1998), *Id.*, at 993.

█ Plaintiffs' final expert report by Owen was not provided to Defendant until less than one month from trial. The report was submitted *after* the discovery deadline, preventing Defendant from deposing the witness. Further, the final report was submitted on the same date as the deadline to file motions in limine or *Daubert* issues.

In their October 2006 disclosures, Plaintiffs claimed damages for future medical expenses in the amount of $748,000, yet the damages claimed in the final expert report more than doubled those previously claimed, and now total $1.67 million. Additionally, Plaintiffs' final expert report claimed damages for the following categories that were never mentioned in the October 2006 disclosures: support care, computer/office adaptive devices, adaptive clothing, travel expenses, and exercise equipment. Additionally, the final expert report lists damages for an Intrathecal infusion pump, but Plaintiffs argue that Defendant was aware of this additional medical procedure.

While Plaintiffs' counsel argues that they offered the expert's deposition after the discovery cutoff and prior to the date of trial, this would not have cured the Defendant being unable to timely file a motion in limine or brief any *Daubert* issues. Clearly, the Defendant was prejudiced by the increased amount of damages claimed by the Plaintiffs and by the additional categories of damages. This prejudice could not be cured under the circumstances.

This Court has considered a continuance of the trial of this matter, in order to cure any

prejudice to the Defendant. The Court notes with interest, however, that Plaintiffs themselves never requested a continuance of the deadline to submit expert reports, even though they were over three months late in doing so. As noted in *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375 (5th Cir.1996), "a continuance does not, in and of itself, deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Id*, at 382.

Further, other courts have found that a party ignoring the schedule set by the court is not harmless.

> If Wong had been permitted to disregard the deadline for identifying expert witnesses, the rest of the schedule laid out by the court months in advance, and understood by the parties, would have to have been altered as well. Disruption to the schedule of the court and other parties in that manner is not harmless. Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to.

*Wong v. Regents of University of California*, 410 F.3d 1052, 1062 (9th Cir.2005).

Any continuance at this late date would result in additional delay of the scheduled trial and increased expense to all parties. The Court will not grant such a continuance.

The final factor for the Court's consideration is a party's bad faith or willfulness.

> [T]he Supreme Court has expressly stated that sanctions may be appropriate in any one of three instances-where the noncomplying party acted *either* with willfulness, bad faith *or* fault. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976) (per curiam) (emphasis added); *see also Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958). These three measures of culpability are each wholly distinct from one another. "Bad faith," for instance, is characterized by conduct which is either intentional or in reckless disregard of a party's obli-

gations to comply with a court order. "Fault," by contrast, doesn't speak to the noncomplying party's disposition at all, but rather only describes the reasonableness of the conduct-or lack thereof-which eventually culminated in the violation.

*Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir.1992).

> The cases generally are unanimous in declaring that a dispositive sanction may be imposed only when the failure to comply with discovery demands is the result of wilfulness, bad faith, or some fault of a party other than inability to comply. *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 208-10, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255 (1958). *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. at 640, 96 S.Ct. at 2779; *FDIC v. Daily*, 973 F.2d 1525, 1529 (10th Cir.1992); *Gocolay v. New Mexico Federal Savings & Loan Assoc.*, 968 F.2d 1017, 1020. A "willful failure" is defined as " 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.' " *In re Standard Metals*, 817 F.2d 625, 628-29 (10th Cir.1987) (quoting *Patterson v. C.I.T. Corp.*, 352 F.2d 333, 336 (10th Cir.1965)).

*Gates Rubber Co. v. Bando Chemical Industries, Ltd.*, 167 F.R.D. 90, 103 (D.Colo.,1996).

This case was filed in July 2006 from injuries the Plaintiff received in July 2004. Plaintiffs chose this forum in which to bring their cause of action, and should have made themselves excruciatingly familiar with both the Federal and Local Civil Rules which would guide this action. Plaintiffs' counsel has had ample opportunity to prepare their case in chief within the parameters of the Scheduling Order entered months ago. They made a deliberate choice to not retain a life care expert until the eleventh hour. Defendant should not be prejudiced by Plaintiffs' poor choices.

## 2. Mandatory Disclosures

The Plaintiffs make several references to the fact that Defendant "could have requested the deposition of the plaintiffs' Life Care

Planner on or after January 26, 2007"and that Defendant has not yet requested such a deposition. Plaintiffs, however, fail to see the importance of disclosing their calculation of damages in a timely manner. Further, Rule 26 provides for mandatory disclosures, which are not optional whenever Plaintiffs so choose. In an Order dated October 23, 2006, this Court advised Plaintiffs of the following regarding their calculation of damages:

> The purpose of Rule 26 is to "accelerate the exchange of basic information" that is "needed in most cases to prepare for trial or make an informed decision about settlement." *Sender v. Mann,* 225 F.R.D. 645, 650 (D.Colo.2004). Early disclosure also assists the parties "in focusing and prioritizing their organization of discovery." *City and County of San Francisco, et al. v. Tutor–Saliba Corporation,* 218 F.R.D. 219, 221 (N.D.Cal.2003).

> The Court believes that due process requires a plaintiff to specify *how much* they are requesting in damages. It is simply unfair for any defendant to remain in forced ignorance regarding this number until the rebuttal portion of a plaintiff's closing argument. *Cf. American Realty Trust, Inc. v. Matisse Partners, L.L.C.,* 2002 WL 1489543 (N.D.Tex.) (the tactic of "trial by ambush" will not be condoned).

Order [Docket No. 24], at Page 2. Obviously, Plaintiffs did not take the Court's admonitions seriously at the beginning of this case.

Additionally, Plaintiffs argue that Defendant was on notice as early as January 26, 2007 as to the Life Care Planner's testimony. This report, however, was clearly indicated as a "tentative draft report," which does not comply with Rule 26. *See Kern River Gas Transmission Co. v. 6.17 Acres of Land, More or Less, in Salt Lake County, Utah,* 156 Fed.Appx. 96, 102, 2005 WL 3257509, *5 (10th Cir.2005), quoting *Salgado ex rel. Salgado v. Gen. Motors Corp.,* 150 F.3d 735, 741 n. 6 (7th Cir.1998) ("Expert reports must not be . . . preliminary in nature."). Indeed, the final report increased Plaintiffs' claimed future medical damages by over $400,000 from that stated in the "tentative" report. Additionally on February 13, 2007, Plaintiffs submitted documentation attached to their response to this motion that allegedly finally brings Owen's report into compliance with Rule 26. This documentation was regarding Owen's publications, compensation, and other cases in which Owen has testified. From Plaintiffs' own statements, Owen's expert report was never truly "final" until this late date.

### 3. Supplementation of Rule 26 Disclosures

Plaintiffs argue that their Rule 26 Supplemental Disclosures, filed October 30, 2006, were based on information available at that time and "subject to change." Plaintiffs also note the Court's Order of October 23, 2006 that directs the plaintiffs to submit current information and supplement as needed. This rationale hardly justifies Plaintiffs' expert disclosure less than one month before trial. Owen's expert disclosure adds hundreds of thousands of dollars in damages, and adds additional categories of future medical damages never listed in the October 2006 disclosures. The problem the Court sees in this matter is not that Plaintiffs' medical costs were ongoing and subject to change. Rather, the problem the Court sees is that Plaintiffs failed to timely disclose the fact that they were going to use a life care planner, and failed to provide a complete and final report by that expert in a timely manner.

In *Keener v. U.S.,* 181 F.R.D. 639, 640 (D.Mont.,1998), the court stated that "Supplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." In the instant case, Plaintiffs have not merely corrected something contained in Berry's expert report from October 2006, or corrected what was disclosed in their Rule 26 disclosures. Rather, they have added a completely new expert report that is not mere supplementation. To allow Plaintiffs' tardy expert report from Owen would be to "invite the proverbial fox into the henhouse. The experienced expert could simply 'lie in wait' so as to express his genuine opinions only after plaintiff discloses hers." *Id,* at 641.

### 4. Level of Fault Between Parties

Additionally, this Court will not participate in any game to affix levels of fault between the parties. Plaintiffs argue that they took the deposition of Defendant's expert after the discovery cutoff and that Defendant only disclosed this expert on January 2, 2007.

"[T]he parties are quick to blame each other of bad faith or willful disclosure violations. I see nothing to be gained by attempting to assign 'degrees' of fault among the parties. Litigants should not be permitted to pay lip service to their disclosure obligations and then avoid responsibility by suggesting an opponent is 'more' blameworthy." *Hertz v. Luzenac America, Inc.,* 2006 WL 994431, \*22 (D.Colo.2006). *See also Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 954 (10th Cir.2002) (Generally, a court should " 'not excuse non-compliance with Rule 26 by one party for the reason that the other party may not have fully complied' " with discovery requests. *Carney v. KMart Corp.,* 176 F.R.D. 227, 230 (S.D.W.Va.1997) (quoting *Smith,* 164 F.R.D. at 54). *See also Rambus, Inc. v. Infineon Techs. AG,* 145 F.Supp.2d 721, 734 (E.D.Va.2001)). If Plaintiffs were concerned about pending discovery from Defendant, they had ample opportunity to bring such matters to the Court's attention. Defendant's actions do not somehow justify Plaintiffs' inactions.

The Court might take a different view of the matter if Plaintiffs' expert could not complete her report because the Defendant had been late providing information needed to calculate the subject damages. That is not the case here. All of the information needed by Plaintiffs' expert was in the exclusive control of Plaintiffs themselves or their lawyers. Defendant was faultless here.

### Conclusion

Defendant's Motion to Strike Plaintiffs' Life Care Plan Expert and Damages Evidence [Docket No. 39] is GRANTED.