This Decision is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

Mailed:  July 22, 2014

Opposition No. **91194658**

Gemological Institute of America, Inc.

v.

Gemology Headquarters International, LLC

**Cheryl S. Goodman, Interlocutory Attorney:**

This case now comes up on Applicant's motion, filed November 4, 2013, to reopen its testimony period so as to render timely a concurrently filed supplemental notice of reliance; and Opposer's motion, also filed November 4, 2013, to strike assertedly improper testimony and exhibits.

Applicant's motion to reopen is granted as conceded. Trademark Rule 2.127(a). The testimony period therefore is reopened for four days to close on November 4, 2013, and the additional evidence, a decision by the European Union's Office for Harmonization in the Internal Market (OHIM) on an opposition to Applicant's Community trademark (CTM) application for the mark GIH, is considered timely.

The Board now turns to Opposer's fully-briefed motion to strike Applicant's testimony and exhibits.

In particular, Opposer moves to strike exhibit nos. 4-13 of the notice of reliance filed October 29, 2013, at docket entry no. 85 in TTABVUE.[1]  Opposer submits that "while the parties stipulated to the admissibility of 73 documents and testimony to be admitted into evidence," exhibit nos. 4-13 were not included in the parties' stipulations.

A party seeking to make evidence of record by notice of reliance must follow the rules and case law; some materials cannot be made of record by notice of reliance. If the exhibits are not proper material for a notice of reliance they may be excluded. *Calypso Technology Inc. v. Calypso Capital Management LP*, 100 USPQ2d 1213, 1215-1220 (TTAB 2011).

### *Exhibit no. 4 is not admissible under the notice of reliance.*

The Board first considers exhibit no. 4 identified in the notice of reliance as:

Report of Carole E. Chaski, Ph.D., dated October 24, 2013 (Bates Nos. GHI0214-GHI01246)[2] with the following explanation:

These materials are relevant, inter alia, to rebut statements made at the July 2, 2013 deposition of Kim Cino regarding the perception and pronunciation by consumers of acronyms, initialisms and abbreviations.

The exhibit itself is titled "Supplemental Expert Report of Carole Chaski, Ph.D.," (hereinafter "Chaski supplemental expert report").  The preamble states that the report is submitted pursuant to Fed. R. Civ. P. 26(a)(2)(B).[3]

---

[1]  TTABVUE is the Board's electronic case file system.  See http://ttabvue.uspto.gov.

[2] The October 24, 2013 expert report is subscribed to by written declaration under 28 U.S.C. § 1746.

[3]  Board inter partes proceedings are governed, in part, by the Federal Rules of Civil Procedure, except as otherwise provided in the Trademark Rules of Practice, and "wherever [the Federal Rules are] applicable and appropriate."  Trademark Rule 2.116.

At the outset it is noted that the question of admissibility of Dr. Chaski's testimony could have been avoided altogether had Applicant taken Dr. Chaski's testimonial deposition during its testimony period, since Applicant timely identified Dr. Chaski in its pretrial disclosures.

Declaration testimony is not proper subject matter for introduction by means of a notice of reliance. The admissibility of declaration testimony is governed by Trademark Rule 2.123(b) which specifies in relevant part that "[b]y written agreement of the parties, the testimony of any witness or witnesses of any party may be submitted in the form of an affidavit [or declaration] by such witness or witnesses." Thus, the question here is whether the parties stipulated to the admissibility of the "Supplemental Expert Report" of Dr. Chaski.

Opposer argues, among other things, that while the parties did stipulate to the admissibility of certain expert reports (Carole Chaski, Robert Frank and Robert Leonard) and the expert discovery deposition of Dr. Chaski, the parties did not stipulate to the admissibility of the Chaski supplemental expert report dated October 24, 2013, and therefore, the expert report should be stricken on this basis. Opposer also argues that the Chaski supplemental expert report should be stricken due to lack of adequate pretrial disclosure.

In response, Applicant acknowledges that the Chaski supplemental expert report was not in existence when the parties filed stipulations in July 2013 and October 2013 relating to the admissibility of expert declarations, expert discovery testimony and expert reports. However, Applicant's position is that the

understanding of the parties based on these stipulations was to provide for all expert opinion testimony to be submitted by declaration in lieu of testimonial depositions and that the Chaski supplemental expert report is covered by these stipulations. Applicant also submits that Dr. Chaski was identified in its pretrial disclosures as a potential witness, even if the supplemental expert report was not identified, because "it had not yet been written," and therefore, lack of pretrial disclosure is not a basis for striking the Chaski supplemental expert report.

In reply, Opposer argues that a motion to strike is the appropriate remedy because, motions to strike are appropriate for submissions which do not comply with the procedural rules of the Board; and the submission of the Chaski supplemental expert report, absent a stipulation by the parties, is a procedural defect. Opposer also states that it was not asked to stipulate to the Chaski supplemental expert report until after it raised objections and that it has not agreed to stipulate to its admissibility.

*A. The parties' stipulations do not cover the admissibility of the Chaski supplemental expert report.*

As previously stated, the Chaski supplemental expert report is being submitted by Applicant under Fed. R. Civ. P. 26(a)(2)(B), for purposes of rebuttal of Opposer's July 2, 2013 testimonial deposition of Kim Cino.

The parties' July 26, 2013 stipulation provided that the following expert reports were admissible into evidence:

> Expert report of Carole E. Chaski, Ph.D., dated July 21, 2010[4], including all exhibits thereto . . . and the deposition transcript of Carole E. Chaski, Ph.D., dated June 29, 2011.
>
> Expert report of Robert M. Frank, Ph.D., dated February 7, 2011, including all exhibits thereto and
>
> Rebuttal Expert report of Robert A. Leonard, Ph.D., dated May 11, 2012, including all exhibits thereto.

The parties' July 26, 2013 stipulation provided for the admission into evidence of specific dated expert reports and accompanying exhibits and an expert discovery deposition transcript, but did not provide for the admission into evidence of any supplemental expert reports or additional expert testimony by affidavit or declaration. The parties' October 13, 2013 stipulation did not address the admissibility of any additional expert reports or additional expert affidavit or declaration testimony. Both stipulations provided that the parties would file notices of reliance and other testimonial depositions as necessary.

Therefore, the Chaski supplemental expert report is not covered by the parties' stipulations and is not admissible on this basis. *Cf. Calypso Technology Inc. v. Calypso Capital Management LP*, 100 USPQ2d at 1216-19 (evidence, unless otherwise admissible, could not be considered because the parties did not stipulate that testimony could be submitted by affidavit). *See* TBMP § 704.02 *et. seq.* (2014) for a description of materials that are admissible under a notice of reliance.

---

[4] Fed. R. Civ. P. 26(a)(2)(B) requires a written expert report prepared by the witness to be signed; Dr. Chaski's report also was subscribed to by written declaration under 28 U.S.C. § 1746 and notarized.

*B. The Chaski supplemental expert report is not proper supplementation under Fed. R. Civ. P. 26(e)(1)(A).*[5]

The Chaski supplemental expert report has been submitted under Fed. R. Civ. P. 26(a)(2)(B). "The purpose of Rule 26(a)(2)(B) is to prevent unfair surprise at trial and to permit the opposing party to prepare rebuttal reports, to depose the expert in advance of trial, and to prepare for depositions and cross-examinations at trial." *Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3, 5–6 (D.D.C. 2005); *see also Coles v. Perry*, 217 F.R.D. 1, 4 (D.D.C. 2003) ("By 'locking' the expert witness into . . . 'a complete statement of all opinions to be expressed and the basis and reasons therefor,' the opposing party knows exactly what she is facing and can decide whether to take the deposition of the expert and how to prepare for cross examination and rebuttal.").

A party may supplement or correct its Fed. R. Civ. P. 26(a)(2)(B) expert disclosures "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Any changes to the information must be disclosed by the time the party's pretrial disclosures are due. Fed. R. Civ. P. 26(e)(2).

Supplementation under Rule 26(e) "means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Keener v. United States*, 181 F.R.D. 639, 640

[5] At this juncture, the Board does not review the substance of the declaration but may consider defects on the face of the notice of reliance. TBMP Section 707.02(b)(2) (2014).

(D.Mont. 1998). A supplemental report which seeks to clarify an expert's earlier opinions or provides new examples and illustrations to bolster them is not proper supplementation. *See Akeva L.L.C v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002). (Rule 26(e) does not provide for bolstering opinions).

Thus, a party may not utilize Rule 26(e)(1)(A) "to sandbag one's opponent" or to "deepen" or "strengthen" the party's case where the information should have been included in the expert report. *Beller v. United States*, 221 F.R.D. 696, 701 (D.N.M. 2003) (citation omitted). Further, the late disclosure of expert witness statements, long after the opposing party would have had an opportunity to depose the declarant on the contents of the statement, nullifies the very purpose of Rule 26(a)(2)(B). *Iacangelo v. Georgetown Univ.*, 272 F.R.D. 233, 234 (D.D.C. 2011) (citation omitted).

By Applicant's own admission, the Chaski supplemental expert report contains additional opinions intended to rebut the July 2, 2013 testimonial deposition of Opposer's witness Kim Cino, rather than to correct inaccuracies in Dr. Chaski's July 21, 2010 expert report or June 29, 2011 deposition or to complete an otherwise incomplete earlier expert report with newly discovered information. Therefore this report does not qualify as a supplemental expert report under Rules 26(e)(1)(A) and 26(e)(2).

***The Chaski supplemental expert report is an untimely expert opinion under Fed. R. Civ. P. 26(a)(2)(B) requiring the application of Fed. R. Civ. P. 37(c)(1).[6]***

Courts considering the issue have concluded that improper Rule 26(e) supplementation results in an untimely disclosure of an expert opinion, triggering Fed. R. Civ. P. 37(c)(1) sanctions, including the exclusion at trial of the untimely disclosed expert opinions, unless the failure was "substantially justified or is harmless."[7]  Fed. R. Civ. P. 37(c)(1).[8]

In determining whether Applicant's untimely expert disclosure was substantially justified or is harmless, the Board is guided by the following five-factor test: "1) the surprise to the party against whom the evidence would be offered; 2) the ability of that party to cure the surprise; 3) the extent to which allowing the testimony would disrupt the trial; 4) importance of the evidence; and 5) the nondisclosing party's [or the late disclosing party's] explanation for its failure to disclose the evidence." *Great Seats Inc. v. Great Seats Ltd.*, 100 USPQ2d 1323, 1327 (TTAB 2011), quoting *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

---

[6] Although the Chaski supplemental expert report has been found to be improper supplementation, for the sake of completeness, the Board will address the issue of untimely disclosure of an expert opinion.

[7] However, untimely expert disclosure and supplementation may not always result in exclusion.  Courts have applied a flexible approach, focusing on the prejudicial effect of the late disclosure before imposing the preclusion sanction.

[8] "Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Here, late disclosure has caused unfair surprise, and curing the unfair surprise would require reopening discovery to allow Opposer to take an additional expert discovery deposition of Dr. Chaski. Taking the discovery deposition of Dr. Chaski at this date would be disruptive to the trial as discovery has closed long ago,[9] and the main trial periods have been completed with only Opposer's rebuttal period remaining. While the Chaski supplemental expert report and declaration testimony may be important, the parties have already stipulated to the admissibility of the Chaski expert report and declaration testimony dated July 21, 2010, and the Chaski deposition transcript dated June 29, 2011 on the same matters.[10] Lastly, Applicant has not provided an adequate excuse for the delay in providing the Chaski "supplemental" expert report to Opposer.[11]

---

[9] Reopening of discovery to re-depose Dr. Chaski at this juncture would undermine the very reason for setting expert deadlines in the Board's scheduling order and would arguably prejudice Opposer. Not only would it necessitate the retaking of the deposition of Dr. Chaski, but it would require Opposer's own experts to review the supplemental report and formulate new opinions, leading to a modification of Opposer's experts' prior reports or the preparation of another rebuttal expert report to counter Dr. Chaski's testimony.

[10] Dr. Chaski's July 21, 2010 expert report states in paragraph 20 that she has been "asked to provide a linguistic analysis and subsequent opinion regarding the similarity and confusability of the trademark as GIA and GHI, GIA and GIH and the associated trademarked business names and logos, in response to the declaration of Kim Cino."

[11] Because the October 24, 2013 expert report does not constitute a supplemental expert report, but material additions to Dr. Chaski's July 21, 2010 expert report, the delay in disclosure is measured from the deadline for expert and/or rebuttal expert disclosure. *See e.g., In re Asbestos Products Liability Litigation* (No. VI), 289 F.R.D. 424 (E.D.Pa. 2013) (striking untimely expert report which was served in 198 different cases where the submission of the deadline for expert reports had passed in all cases by at least two and half to nearly nine months); *U.S. v. Alabama Power Co.*, 274 F.R.D. 686 (N.D. Ala 2011) (striking a portion of opinion in expert declaration as new opinion submitted after expert disclosure deadline); *Keener v. U.S.*, 181 F.R.D. at 639 (excluding second expert report as untimely submitted after expert disclosure deadline; and, if considered rebuttal, untimely submitted after rebuttal expert disclosure deadline). In this proceeding, expert disclosure and rebuttal expert disclosure deadlines were reopened a number of times with the Board last reopening Opposer's rebuttal expert disclosure deadline to close on May 11, 2012.

On balance, the untimely disclosure of the Chaski "supplemental" expert report was neither substantially justified nor harmless.

In view of the foregoing, the motion to strike exhibit no. 4 of Applicant's October 29, 2013 notice of reliance is GRANTED. The Chaski supplemental expert report is hereby stricken.

### *Exhibit nos. 5-13 are admissible.*

The Board now considers whether striking exhibit nos. 5-13 of the October 29, 2013 notice of reliance are appropriate. In particular, the Board must determine whether these exhibits are proper subject matter for a notice of reliance.

Although these exhibits are listed separately as items in Applicant's notice of reliance, Opposer argues that "Exhibits 5 through 13 are source documents referenced" in the Chaski supplemental expert report. Opposer contends that exhibit nos. 5-13, "have no context" unless viewed in connection with the Chaski supplemental expert report.

Applicant, on the other hand, argues that the exhibits stand alone as printed publications under Trademark Rule 2.122(e) and can be made of record under a notice of reliance.

The Board finds that exhibit nos. 5-13 are printed publications. The printed publications are identified with the source and date of publication on their face and their relevance is sufficiently explained in the notice of reliance. TBMP § 704.08. Printed publications are proper subject matter for a notice of reliance. Therefore,

the motion to strike exhibits nos. 5-13 of Applicant's October 29, 2013 notice of reliance is DENIED.

To the extent that Opposer seeks to make substantive objections regarding this evidence, those objections would be properly raised in its final brief on the case. TBMP § 707.02(c).

Opposer's motion to extend its deadline for rebuttal disclosures and its rebuttal testimony period is granted. Trademark Rule 2.127(a).

Proceedings are resumed. Dates are reset as follows:

| | |
|---|---|
| Plaintiff's Rebuttal Disclosures Due | 8/6/2014 |
| Plaintiff's 15-day Rebuttal Period Ends | 9/5/2014 |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.l25.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.l29.