**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MUNCHKIN, INC., a Delaware corporation,<br><br>    Plaintiff-counter-defendant -<br>Appellant,<br><br> v.<br><br>PLAYTEX PRODUCTS, LLC, a Delaware limited liability company,<br><br>    Defendant-counter-claimant -<br>Appellee. | No. 13-56214<br><br>D.C. No. 2:11-cv-00503-ODW-RZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted April 7, 2015
Pasadena, California

Before: D.W. NELSON, TASHIMA, and CLIFTON, Circuit Judges.

In this false advertising case, Appellant Munchkin, Inc. challenges the

district court's decisions (1) to order a new trial based on an erroneous jury

---

   [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

instruction and (2) to exclude damages evidence pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure. We conclude that the district court acted within its considerable discretion in both instances and affirm.

The district court did not abuse its discretion when it ordered a new trial. Although we have held that a presumption of injury is appropriate in false direct comparative advertising cases, *see, e.g.*, *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 831 (9th Cir. 2011), this is not a direct comparative advertising case because the "advertising does not directly compare . . . products," *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 209 n.8 (9th Cir. 1989). We need not decide whether a jury may presume injury where advertising occurs in the context of a "binary" market structure, *cf. Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 162 (2d Cir. 2007), because the district court made a factual finding that the market at issue was not binary. We are not persuaded that this finding was clearly erroneous. Moreover, we agree with the district court that the initial erroneous instruction was not "more probably than not harmless." *Lambert v. Ackerley*, 180 F.3d 997, 1008 (9th Cir. 1999).

The district court also acted within its discretion when it determined that Munchkin failed to comply with its obligations under Fed. R. Civ. P. 26 and when it fashioned an exclusion sanction pursuant to Fed R. Civ. P. 37. Although it is

2

true that Rule 26(e) contemplates the supplementation of disclosures, "[s]upplementation under the Rules means correcting inaccuracies, or filling . . . interstices." *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998); *see also Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009). Munchkin's extensive new damages evidence and theories were not a mere supplementation within the meaning of the Rules. The district court, having concluded that a violation of Rule 26 occurred, did not abuse its discretion in excluding the evidence pursuant to Rule 37.[1]

**AFFIRMED.**

---

[1] Our Rule 37 case law does provide that a party has the right not to have its damages evidence excluded, where that exclusion "amount[s] to dismissal of a claim," absent a finding that the "noncompliance involved willfulness, fault, or bad faith." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012). The record indicates no objection made by Munchkin on this basis before the district court, nor was this argument "raised clearly and distinctly in the opening brief" on appeal. *McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009); *see also Crawford v. Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996). Any such argument is waived. There is evidence that the district court would have made the requisite finding if the issue had been raised, and the record supports the conclusion that only Munchkin and its counsel were responsible for the late disclosures.